```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

|                                   |                               |
|-----------------------------------|-------------------------------|
| CLAYTON UTTERBACK, *et al.*,      | )                             |
|                                   | )                             |
|     Petitioners, | )                          |
|                                   | ) Civil Action No. 09-2236 (EGS) |
|     v.        | )                             |
|                                   | )                             |
| TIMOTHY F. GEITHNER,              | )                             |
|                                   | )                             |
|     Respondent. | )                           |

## MEMORANDUM OPINION

Pending before the Court are respondent's motion to dismiss, petitioners' two motions for summary judgment, petitioners' motion for judicial notice in support of their motion for summary judgment, and petitioners' motion for leave to file an amended complaint. Upon consideration of the motions, the responses and replies thereto, the applicable law, the entire record, and for the reasons set forth below, the respondent's motion to dismiss the action is **GRANTED,** petitioners' motions for summary judgment are **DENIED**, petitioners' motions for judicial notice in support of their motion for summary judgment is **DENIED,** and petitioners' motion for leave to file an amended complaint is **DENIED.**

I. BACKGROUND

Petitioners describe themselves as "Clayton Utterback, Ryan Kirk, James Utterback who use various UCC ALPHA Trade names, i.e. CLAYTON T. UTTERBACK and other designations to help identify

financial accounts, interests, and for other purposes." Pet'rs' Proposed Sec. Am. Compl. ¶ 2. On November 11, 2009, they filed a petition titled "Petition for Writ of Mandamus to Compel Performance for Accounting, Account Stated, Unjust Enrichment and Specific Performance and Probate the Estate," in which they named Timothy Geithner, Queen Elizabeth II, and "Does 1 through 50" as respondents. In response to a motion for a more definite statement filed by Mr. Geithner, which the Court granted on February 22, 2010, petitioners filed an Amended Complaint on May 28, 2010, identifying only Mr. Geithner as a respondent. In their Amended Complaint, petitioners list numerous purported causes of action including "extension of credit," "money loaned," breach of contract, breach of trust, negligence, conversion, unjust enrichment, accounting, constructive trust, an action "for Appoint [sic] Special Master," declaratory judgment, declaratory relief, summary judgment on a Uniform Commercial Code claim, and an action to "remove blocked account status from petitioners' accounts." Am. Compl. ¶¶ 76-102.

Respondent filed a motion to dismiss on June 10, 2010 pursuant to Federal Rules of Civil Procedure 8(a), 10(b), and 12(b)(6). Petitioners filed a motion for summary judgment on

July 6, 2010. Both motions are now ripe for review by this Court.[1]

**II. STANDARD OF REVIEW**

Rule 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). The pleadings of pro se parties, such as petitioners in the instant action, are "to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Nevertheless, "although a court will read a pro se plaintiff's complaint liberally," a pro se complaint, no less than any other complaint, "must present a claim on which the Court can grant relief." *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235 (D.C. Cir. 2002). A complaint must present "enough facts to state a claim to relief that is plausible on its face" and "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[1] In response to respondent's motion to dismiss, petitioners filed a motion to strike the motion to dismiss. The Court treats this filing as an opposition to the motion to dismiss.

544 (2007). In considering a 12(b)(6) motion, the Court must construe the complaint "'liberally in the plaintiff's favor,' 'accept[ing] as true all of the factual allegations'" alleged in the complaint. *Aktieselskabet AF 21 November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008) (alteration in original) (quoting *Kassem v. Wash. Hosp. Ctr.*, 513 F.3d 251 (D.C. Cir. 2008)). Indeed, a plaintiff is entitled to "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271 (D.C. Cir. 1994). A court need not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must [a] court accept legal conclusions cast in the form of factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

Summary judgment should be granted only if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Waterhouse v. District of Columbia*, 298 F. 3d 989, 991 (D.C. Cir. 2002). A fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party.'" *Steele v. Schafer*, 535 F. 3d 689, 692 (D.C. Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). Facts are material if they "'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). The party seeking summary judgment bears the initial burden of demonstrating an absence of genuine issues of material fact. *Celotex*, 477 U.S. at 322. In determining whether a genuine issue of material facts exists, the Court must view all facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 597 (1986); *Keyes v. District of Columbia*, 372 F. 3d 434, 436 (D.C. Cir. 2004). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Celotex*, 477 U.S. at 324.

**III. ANALYSIS**

    **A. Respondent's Motion to Dismiss**

Having reviewed the Amended Complaint filed by petitioners, the Court concludes that petitioners have wholly failed to provide the "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which

5

it rests." *Twombly*, 550 U.S. at 167 (internal citations omitted). Instead, despite over a dozen lengthy filings by petitioners, the basis for petitioners' action against respondent remains somewhat of a mystery. As best the Court can ascertain, petitioners seek billions of dollars in compensation from Mr. Geithner and the Treasury Department based on allegations that petitioners had a role in the 2008 Emergency Economic Stabilization Act. Petitioners allege that:

> The Federal Reserve Bank increase of FED profits in 2009 amounted to greater than $52.1 Billion dollars, is [sic] because of special work product program developed by Petitioners, intervening to prevent the collapse of the United States Government, putting a floor under U.S. economy, . . . re-fund the banking system, protect the FED, and provide ready [sic] available funds for the Treasury to operate its 2010 budget.
>
> Without the work provided by Petitioners, what would the Treasury Department have for funds to date at this point?
>
> What would be the results of a cascading system failure leading to total collapse cost to restart, if possible at all?
> . . .
> The Respondent United States Treasury Department is holding fees, dividends, earnings, and other unknown interests of Petitioners in the amount of $1.2 Billion in service fees generated by Petitioners [sic] work product which is subject for review.
>
> The United States Treasury Department is holding $46.1 Billion Dollars provided as "interest paid" by the Federal Reserve System for Petitioner's work product.

Am. Compl. ¶¶ 66-70.

The remainder of the Amended Complaint contains equally disjointed, mostly incoherent, allegations. In addition to

6

various allegations regarding "special work product" of an unspecified nature, petitioners also make unexplained references to money allegedly loaned or transferred by petitioners to respondent. *See, e.g.*, Am. Compl. ¶ 44 ("On or about the date of September 29, 2008, Petitioners entered into an [sic] security agreement and contracted for services in form and substances [sic] sufficient to be accepted for deposit with the Respondents office the Department of the Treasury . . . and did contract with Petitioners in relation to 15 U.S.C. Rules for securities and safe keeping of funds for later transfer and ultimate distribution of portion of Credit returned. . . ."); Am. Compl. ¶ 77 ("Petitioners state the fact that Respondent accepted Money loaned by processing instruments from Petitioners and has not accounted for the interest and dividends due Petitioners for the money loaned."). Petitioners, however, fail to identify any actual security agreements or contracts between petitioners and respondent.

Petitioners also allege in the Amended Complaint that injunctive relief is appropriate because "[i]njury to Petitioners by injection of large or small size implants are objectionable and repugnant to Petitioners . . . [and] the injunction preventing the implantation would not substantially interfere with public policy. That using a large (huge) needle and inserting a computer bio chip into the arm, hand, or other parts

7

of the body penetrating the skin, resulting in a puncture wound is an injury to the tissue which Petitioners consider another large breach of trust." Am. Compl. ¶¶ 122-123.

The Court concludes that petitioners allegations fail to present a claim on which the Court can grant relief or that would suffice to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Iqbal,* 129 S. Ct. at 1949 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotations omitted)). Accordingly, respondent's motion to dismiss the Amended Complaint is **GRANTED**, and petitioners' motions for summary judgment are **DENIED**. Petitioners request for judicial notice in support of their summary judgment motion is also **DENIED**.

**B.  Petitioners' Motion for Leave to Amend Complaint**

Petitioners filed a motion for leave to amend their complaint on August 16, 2010. The proposed second amended complaint is titled "Aggrieved Party's First Amended In Rem Complaint Action for Declaratory and Other Relief."[2]

---

[2] Although petitioners already filed an Amended Complaint, petitioners sought leave to file a "First Amended Complaint." To avoid confusion, the Court will refer to this new filing as the proposed second amended complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once "as a matter of course" within certain time frames not relevant to the instant action, and "[i]n all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). It is appropriate for a Court to grant leave to amend unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficience by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted). Where an amendment would not survive a motion to dismiss, a court may deny leave to amend based on futility. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1994).

The proposed second amended complaint is no more coherent than the first one. It consists of 70 pages of additional, rambling assertions on various topics that fail to shed any further light on the basis of petitioners' claims. *See, e.g.*, Second Am. Compl. ¶14-15 ("Aggrieved parties states [sic] a claim upon which relief can be granted and has expressly demanded the audit on the accounting owed by respondent to Aggrieved parties.

9

Aggrieved parties transactions may related to Bookkeeping Only Entry data media storage held by respondent or his Agents. . . ."); Second Am. Compl. ¶ 90 ("Aggrieved parties state the fact Respondent used money loaned by processing instruments from Aggrieved parties, but has not accounted for the interest, dividends, fees, discounted principle credit, other benefits which are 'hidden' and 'secreted away' by respondent's operatives who work outside the law (dishonor), towards opposite ends of justice to the detriment of the beneficiaries . . . ."). Nor does petitioners' motion for leave to amend provide the Court with any understanding of what petitioners' believe to be the reason an amendment is necessary. Instead, the motion consists of little more than a garbled recitation of petitioners' understanding of various legal standards.

The proposed second amended complaint, like the first, fails to provide a statement of a claim that would entitle the petitioners to relief, and therefore would not survive a motion to dismiss. Accordingly, petitioners' motion for leave to file the proposed second amended complaint is **DENIED.**

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that respondent's motion to dismiss is **GRANTED**; petitioners' motions for summary judgment are **DENIED**; petitioners' motion for judicial notice in support of their motion for summary judgment is **DENIED;**

10

and petitioners' motion for leave to file an amended complaint is

**DENIED.** An appropriate Order accompanies this Memorandum

Opinion.

    **Signed:**    **Emmet G. Sullivan**
                   **United States District Judge**
                   **December 9, 2010**